**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**TIMOTHY HINDS,**

          **Plaintiff,**

**v.**                                            **Case No.  6:18-cv-1576-Orl-41GJK**

**SKYLER SAUNDERS,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | September 24, 2018 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On September 24, 2018, pro se Plaintiff Timothy Hinds instituted this action by filing a Complaint for Violation of Civil Rights ("Complaint") against Skyler Saunders. Doc. No. 1. Also on September 24, 2018, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion").  Doc. No. 2.

**I.    APPLICABLE LAW**

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

A.       **Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

B.       **Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

3

allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

### C. Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). Rule 8(d) requires that a pleading be simple, concise and direct.

## II. ANALYSIS

In the Complaint, Plaintiff describes Defendant as "CPI Skyler Saunders" and recounts an event in which Defendant visited Plaintiff and his family at a hotel room after the Department of Children and Families was called following a domestic dispute between Plaintiff and his wife. Doc. No. 1 at 7. Plaintiff states that he and his wife told Defendant that they did not want to talk to him and for Defendant to leave them alone. *Id.* at 7-10. Plaintiff contends that Defendant is racist and violated his civil rights. *Id.* at 10.

Although Plaintiff makes conclusory allegations that his constitutional rights were infringed, he fails to provide any factual allegations providing a basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). Plaintiff also fails to allege a claim for relief.

4

Additionally, a similar claim to this one was dismissed with prejudice in an earlier case. On June 11, 2018, Plaintiff and his wife filed an amended complaint against the Department of Children and Families and Skyler Saunders. Case No. 6:18-cv-532-orl-40TBS, Doc. No. 31. Plaintiff and his wife alleged that the defendants harassed them and removed their seven children from their care. *Id.* at 5, 7-8. On August 2, 2018, the Court dismissed the Amended Complaint with prejudice under the *Rooker-Feldman* doctrine because the claims raised were inextricably intertwined with the state court proceedings regarding the children's removal. Case No. 6:18-cv-532-orl-40TBS, Doc. No. 53 at 4. It appears that this case is also precluded by the *Rooker-Feldman* doctrine, as it appears to be Plaintiff's complaint about the way Defendant conducted his investigation of Plaintiff and his wife's ability to care for their children.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the case; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that **failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice**. The amended complaint should include:

   a. the basis upon which the Court has subject matter jurisdiction;

   b. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by the Defendant;[3]

   c. a short plain statement of facts as to each claim and the Defendant's

---

[3] It is improper for Plaintiff to merely list constitutional rights or federal statutes.

involvement in the violation alleged in each claim;

      d.      how Plaintiff has been damaged or injured by the actions or omissions of the Defendant; and

      e.      a clear statement of the relief sought.

4.      The amended complaint should not refer back to the original complaint. **At the time Plaintiff files an amended complaint, Plaintiff shall also file a renewed motion to proceed *in forma pauperis* using an approved form or pay the full filing fee.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on September 25, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party